ABEL
*vs*
WILDER & Co.

---

PET. & SUM.

## Abel *vs* Wilder & Co.

Case 128.

ERROR TO THE JEFFERSON CIRCUIT.

*Sale of equity of redemption.   Mortgagor and mortgagee.   Pleadings.*

August 2.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated and pleadings.

THIS was an action by petition and summons, brought by Abel, assignee of Wm. Bull, against Wilder & Co. The note was dated the 1st of March, payable in three months, and assigned on the day of its date.  The defendants pleaded in substance, that the note was given for rent of premises from the 1st of March, which had been previously mortgaged by Wm. Bull to the plaintiff, and that on the 3d of March, the equity of redemption was sold under execution, and purchased by Nimrod Bull for $431, and a conveyance made to him by the Sheriff; that N. Bull thereupon took possession of the premises and the defendants acknowledged his right of possession and held under him, and Wm. Bull on the 7th of March, conveyed to him all his right to the property and rents; that when the note sued on became due, N. Bull was entitled to receive the said rent, and being so entitled, transferred it to them and discharged them from the same. A replication to two pleas, (3 and 4,) containing substantially the same matter, was adjudged bad on demurrer, and the plaintiff having made no further answer, judgment was rendered for the defendants.

The pleas rest upon one or both of the two following propositions, viz: 1st. That the purchaser of the equity of redemption in land at execution sale, is entitled to the

immediate possession as against the mortgagor, and may, by entering, break up a lease made by him after the levy of the execution; and 2d. That either the sale and conveyance by the Sheriff, or the subsequent conveyance by the mortgagor, carried with it the right to the subsequently accruing rent, though secured by note previously assigned to a third party.

The opinions of this Court in the cases of *Dougherty* vs *Lynthicum*, (8 *Dana*, 198,) and *Martin* vs *Shelton*, (2 *B. Monroe*, 63,) are referred to in support of the first proposition. The opinions in both cases affirm the right of the purchaser of the equity of redemption under execution, to maintain an action of ejectment against the mortgagor, and assert that the right of possession as against him, is transferred by the Sheriff's sale and conveyance. But it is obvious that this general principle as to the effect of the sale and conveyance was stated without particular reference to the precise time when the purchaser might enter or maintain his ejectment. In the case of *Martin* vs *Shelton* it does not appear when the sale was made or the action commenced, but the reference made to the defendant's right of redemption, and his unsuccessful attempt to redeem, would seem rather to authorize the inference that the time for redemption, viz: one year from the sale, had expired before the commencement of the action. In the case of *Dougherty* vs *Lynthicum*, it appears from the preliminary statement of the facts, that the action was commenced within a few days after the sale. But although the dates of these facts are there stated, they are not again referred to in the opinion; and it is manifest that no question was made with reference to the time when the plaintiff's right of possession accrued, or might be asserted. The general proposition advanced and decided in the two cases, and which was new in this State, is that in the particular instance of an execution sale of an equity of redemption, the purchaser becoming, by the sale and deed, invested with the right of the mortgagor, was, as against him, entitled to the possession, and could maintain an action at law for its recovery. The affirmance of the principle without qualification, implies it is true, that the Court

*The purchaser of an equity of redemption under execution against the mortgagor, is entitled to possession, as against the mortgagor, and may maintain ejectment: (8 Dana, 198; 2 B. Monroe, 63.)*

did not then perceive that it was subject to qualification. No question having been made with respect to the time when the right might be asserted, it cannot be assumed that the attention of the Court was directed to any such question, and the mere failure in the opinion to give effect, as a qualifying circumstance, to a particular fact appearing in the case, but not relied on, though it may authorize the inference that the fact was not regarded as one which should affect the general proposition, does not prove that it was considered at all, and therefore, cannot be taken as a judicial decision, denying all effect to it.

The opinions referred to are, therefore, entitled to but

—But the purchaser cannot assert that right by action of ejectment, nor is he entitled to the possession or to the rent until the time for redemption has elapsed.

little, if any weight upon the question when the purchaser of an equity of redemption under execution, becomes entitled to the possession as against the mortgagor. Neither of them decides the question. But the opinion in the last of the two cases, (2 B. Monroe, 64,) indicating as the basis on which the general proposition is founded, that the statute authorizing the sale, should be understood as giving such a right or remedy as will effectuate the intended advantage to the purchaser, refers us to the statute for ascertaining the proper advantage which should result from the sale, and virtually subjects the right or the remedy for its effectuation to such limitation or qualification, as a fair construction of the statute may require.

Upon reference to the execution law of 1828, sections 30 and 31, (1 St. Law, 650–51,) and sec. 36, (1 St. Law, 653,) we are of opinion that the right of redemption within twelve months, allowed by the two first sections to the defendant in execution, whose land is sold for less than two thirds of its value, and by the last named section, allowed in case of the sale of an equity of redemption in land, without reference to value, operates as a suspension of the purchaser's right of possession, which the sale and conveyance might otherwise confer, and that he has no right by virtue merely of the sale and conveyance by the Sheriff, to enter on the possession of the mortgagor, or to maintain an ejectment against him or his tenant, until the period for redemption has expired. A careful consideration of the 36th section, providing for the sale of the mortgagor's interest, in comparison with the 30th

and 31st sections, which give and regulate the right of redemption without reference to any mortgage, and especially in comparison with the 7th section of the act of 1821, (1 *Stat. Law*, 654, *in a note*,) which first subjected the equity of redemption to sale under execution, satisfies us that the legislature did not intend that the sale of the mortgagor's right under execution, should operate to divest him of the possession until the time for redemption should be passed. We therefore do not admit, but deny the first proposition involved in the pleas.

The second proposition in both of its branches, seems to be virtually negatived by the opinion intimated in *Castleman* vs *Belt*, (2 *B. Monroe*, 159,) that the purchaser of an equity of redemption does not, by such purchase, acquire as incident to that interest, a legal right to the rent reserved by the vendor and accruing after the purchase. But if this opinion be not correct, and if it be conceded that the purchaser of the equity under execution might after the expiration of the year, without a redemption from his purchase, and without an assertion of the right of possession by the mortgagee, gain the possession and recover the *mesne* profits from the time of the conveyance to him by the Sheriff, it is still clear that the entire effect of his purchase would be defeated by a redemption within the year, and that although it would not be entirely defeated by the assertion of the mortgagee's right of possession, it would be thereby postponed, so far as regards the right of possession, and reduced to the mere right of redeeming the land from the mortgage, or taking what should be left after satisfaction of the mortgage debt. The pleas show, it is true, that the mortgagor's right of redeeming his equity of redemption from the execution purchaser, was released on the 7th of March; but this voluntary act could not affect the existing rights, either of the mortgagor's lessee, or of his assignee of the note for the rent, any more than the voluntary surrender of possession by the lessee to the execution purchaser, who had no right to the immediate possession by virtue of his purchase, could affect the right of the assignee of the rent. And as notwithstanding the purchase, any contingent right to the accruing rent as

*Margin:* ABEL *vs* WILDER & Co.

*Margin note:* Neither the sale and conveyance by a Sheriff, of an equity of redemption nor a subsequent conveyance by a mortgagor, carries with it the right to subsequently accruing rent secured by note previously assigned to a third person.

incident to it, was subject to the mortgagee's right of pos-
session and of receiving the rents, we think the assign-
ment to him of the note for the rent, was equivalent to
admitting him to the perception of the rents and profits,
and that his right being paramount, could not be defeated
by any arrangement between the mortgagor and his les-
see and the purchaser of the equity.   Nor do we decide
that if the note for the rent had been assigned to a stran-
ger, his title could have been defeated by the facts alledg-
ed in the pleas, which do not present the case of a *bona
fide* payment of the debt to the payee or his order, with-
out notice of the previous assignment.

It is said, indeed, that the plaintiff though stated in the
pleas to be the mortgagee, may not have received the as-
signment of the note for rent in that character, but in the
absence of all averment to the contrary, the presump-
tion on the face of the plea, is that he did so receive it,
and we consider the case as thus presented.   If the fact
were otherwise, and were deemed material, it should
have been stated by the defendants.   For all that appears
in the pleas too, the mortgagee may have taken the actu-
al possession before the end of the year, or may have
received the accruing rents except the portion secured by
this note, and the purchaser of the equity may have been
left exclusively to his remedy for an account and a redemp-
tion by payment of the mortgage debt.

Whether the execution purchaser of the equity had any
right in virtue of that purchase, to the subsequent rents
accruing during the year, and whether if he had, it could
affect the right of any assignee of an outstanding note,
given for a part of that rent, are questions which we do
not decide.   We are of opinion that the right of the mort-
gagee as assignee of such note could not be affected by any
proceedings under the execution, or by subsequent arrange-
ment between the mortgagor, lessee and purchaser, not
amounting to a *bona fide* payment without notice, be-
cause his rights were paramount to the execution and to
the rights of any of these other parties, and it follows that
the pleas do not present a bar to his demand.   We are
inclined to the opinion that if the pleas were good the
replication is insufficient.   But under the view we have

taken, this is immaterial, as on account of the pleas being insufficient, the defendant was not entitled to judgment, but judgment should have been given for the plaintiff unless the pleas were amended.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the replication, on account of the defect in the pleas, and for further proceedings.

*Pirtle & Speed* for plaintiff; *Fry & Page* for defend-ants.